## LEJEUNE v. HEBERT.

Where, in an action for the price of land, defendant resists payment on the ground of the existence of a servitude which had been fraudulently concealed from him, alleging it to have been created by public act, passed before a certain notary at a particular date, he [ may offer in evidence, as proof of the servitude, an act under private signature, of the same date and recorded in the office of the same notary. The evidence will not be excluded for such an inaccuracy in the description of it.

APPEAL from the District Court of West Baton Rouge, *Burk*, J. *Greves*, for the plaintiff. *W. E. Edwards*, for the appellant. The judgment of the court was pronounced by

EUSTIS, C. J. The defendant resists the payment of a portion of the price of a tract of land, on the ground of the establishment of a servitude on the land sold previous to the sale to him, which had been fraudulently concealed by the plaintiff. It is charged in the answer as being given for a public road, by public act passed before Judge Favrot, on the 5th of September, 1840. It appears that the instrument upon which the defendant relies for the proof of the creation of the servitude was an act under private signature, and bore the date mentioned in the answer, and was recorded in the office of Judge Favrot, who was the judge of the parish of West Baton Rouge, where the land was situated, and the parties reside, on the 2d of September, 1842. It would be carrying technicality to an extreme, to exclude a piece of evidence on such an inaccuracy as this in the designation of it. True the act was not an authentic act, but the date is identical, and it was recorded in the office mentioned. We think the judge erred, and that the bills of exception, except the first as to the amendment of the answer, which is not material, are well taken.

The judgment of the District Court is, therefore, reversed, and the case remanded for a new trial, with directions to the judge to receive in evidence, on due proof being made of its execution, the private act, dated the 5th September, 1840, mentioned in the bill of exceptions, and to receive the testimony of *Vincent Kirkland*, and *Jean Baptiste Labauve*, for the purpose for which it was offered by the counsel for the defendant; and that the plaintiff and appellee pay the costs of this appeal.